IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MOLLY GIVINGS                                                                                    PLAINTIFF
*on behalf of*
A MINOR CHILD, T.F.

vs.                                        Civil No. 1:07-cv-01095

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Molly Givings ("Plaintiff") brings this action on behalf of a minor child, T.F., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying T.F.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 6).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on behalf of her grandson, T.F., on November 15, 2004. (Tr. 51). Plaintiff alleged T.F. was disabled due to behavior problems and slow learning. (Tr. 84). Plaintiff alleged T.F.'s onset date was January 1, 2001. (Tr. 84).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

This application was initially denied on April 14, 2005 and was denied again on reconsideration on October 20, 2005. (Tr. 31-34). On November 3, 2005, Plaintiff requested an administrative hearing on this SSI application, claiming the following: "The decision is inconsistent with the way I [T.F.] feel due to a learning disability (unable to read, learn, do math), depression and asthma that I live with on a daily basis." (Tr. 35). The administrative hearing was held in El Dorado, Arkansas on January 11, 2007. (Tr. 234-262). Plaintiff and T.F. were present and were represented by counsel, R. Theodor Stricker, at this hearing. *See id.* Plaintiff and T.F. testified at this hearing. *See id.* At the time of this hearing, T.F. was nine years (9) old. (Tr. 238).

On April 27, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for T.F. (Tr. 12-21). In this opinion, the ALJ determined T.F. was born on January 6, 1998 and was a school-age child on November 15, 2004, the date the application was filed and on the date of the ALJ's decision. (Tr. 15, Finding 1). The ALJ determined T.F. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 15, Finding 2). The ALJ determined T.F. had the following severe impairments: low average intellectual functioning and adjustment disorder but T.F. did not have an impairment or a combination of impairments that met, medically equaled, or were functionally equivalent to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 15, Findings 3-6).

Specifically, the ALJ determined T.F. did not have an extreme or marked limitation in any of the six areas of functioning. (Tr. 17-21). The ALJ determined Plaintiff had no limitation in acquiring and using information; a less than marked limitation in attending and completing tasks; a less than marked limitation in interacting and relating with others; no limitation in moving about

and manipulating objects; no limitation in caring for himself; and no limitation in his health and physical well-being. (Tr. 17-21). Based upon these findings, the ALJ determined T.F. was not under a "disability," as defined by the Act, from the date Plaintiff's application was filed on November 15, 2004 until the date of the ALJ's decision on April 27, 2007. (Tr. 21, Finding 6).

On June 25, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination. (Tr. 6-8). On July 16, 2007, the Appeals Council declined to review this determination. (Tr. 3-5). On September 19, 2007, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 4-5). The parties consented to the jurisdiction of this Court on January 25, 2008. (Doc. No. 6). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2004, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"),

4

*See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

Plaintiff claims the ALJ erred in finding T.F. was not disabled at Step Three of the analysis. (Doc. No. 4, Pages 9-18). Specifically, in her appeal brief, Plaintiff claims: (1) the ALJ's disability determination is not supported by substantial evidence in the record; and (2) the ALJ erred in his

5

credibility determination. (Doc. No. 4, Pages 9-18). In response, Defendant claims that the ALJ's disability determination is supported by substantial evidence and the ALJ performed a proper credibility review (Doc. No. 5, Pages 3-12).

### A. Substantial Evidence

The medical and documentary evidence in this case consists primarily of testing and evaluation of T.F.'s intellectual and behavioral functioning, along with school records. (Tr. 98-233). Plaintiff's first argument is essentially that the ALJ erred in determining that T.F.'s impairments were not *functionally equivalent* to a disability listing. (Doc. No. 4, Pages 9-15). Therefore, this Court will examine the evidence in this case and determine whether the ALJ's findings regarding T.F.'s six domains of functioning are supported by substantial evidence in the record.

### (1) Acquiring and Using Information

The domain of Acquiring and Using Information, includes the ability to think, to acquire and use information, and to engage in visual and verbal reasoning, problem solving, and idea development. *See* 20 C.F.R. § 416.926a(g). Additional functional criteria are described for each age group in each domain of functioning. *See* 20 C.F.R. § 416.926a(g)(2). In this domain, "school-age" children (within the age group 6 to 12) should be able to learn to read, write, and do math, and discuss history and science. *See* 20 C.F.R. § 416.926a(g)(2)(iv).

In his disability determination, the ALJ found T.F. suffered from "no limitation in acquiring and using information." (Tr. 17). In making this determination, the ALJ primarily relied upon the findings of an Intellectual Assessment and Evaluation of Adaptive Functioning exam performed by Dr. Charles Spellmann on March 8, 2005. (Tr. 111-114). Of significant importance are the results of the Wechsler Intelligence Scale for Children test which was given to T.F. during this exam. (Tr. 112). T.F. obtained a Verbal IQ score of 87, Performance IQ score of 84, and a Full Scale IQ score

of 84. The test results indicate T.F. is functioning within the "Low Average" range of intelligence. (Tr. 112).

On April 15, 2005, Dr. Thomas Smith completed a Childhood Disability Evaluation Form in which he indicated T.F. had no limitation in acquiring and using information. (Tr. 214). On October 14, 2005, Dr. Susan Manley completed a Childhood Disability Evaluation Form in which she found T.F. had no limitation in his ability to acquire and use information. (Tr. 204). Dr. Manley referenced T.F's IQ test scores and noted T.F. was in regular classes in school. (Tr. 204).

Based on the foregoing, the ALJ's finding that T.F. had no limitation in acquiring and using information is supported by substantial evidence in the record.

### (2) Attending and Completing Tasks

The domain of Attending and Completing Tasks, involves consideration of how well the child is able to focus and maintain attention, and how well the child begins, carries through, and finishes activities, including the pace at which activities are performed and the ease with which the child changes them. *See* 20 C.F.R. § 416.926a(h). In connection with this domain, school-age children should, among other things, be able to focus attention sufficiently to follow directions, remember and organize school materials, and complete classroom and homework assignments. *See* 20 C.F.R. § 416.926a(h)(iv).

The ALJ determined Plaintiff had a less than marked limitation in attending and completing tasks. (Tr. 18). The ALJ referenced T.F. was diagnosed with adjustment disorder with mixed disturbance of emotions and conduct. (Tr. 18). The ALJ found T.F. had been concentrating better in school since receiving medication, as was noted in a Psychiatric Progress Note from March 28, 2005. (Tr. 18, 170). Additionally the ALJ indicated T.F.'s teachers had found only moderate problems concentrating on class work and completing tasks on time. (Tr. 18, 52).

7

Dr. Smith's Childhood Disability Evaluation Form indicates T.F. had less than marked limitation in attending and completing tasks. (Tr. 214). Likewise, Dr. Manley's Childhood Disability Evaluation indicates T.F. had less than marked limitation in attending and completing tasks. (Tr. 204). Dr. Smith also found T.F. showed positive response to medication, with improved behavior at school. (Tr. 204).

The ALJ's finding that T.F. had a less than marked limitation in attending and completing tasks is supported by substantial evidence in the record.

### (3) Interacting and Relating with Others

The domain of Interacting and Relating with Others involves how well the child initiates and sustains emotional connections with others, develops and use the community's language, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i).

The ALJ determined T.F. had a less than marked limitation in interacting and relating with others. (Tr. 18-19). The ALJ found T.F.'s behavioral problems had improved since being on medication. The medical records support this finding. A Psychiatric Progress Note from South Arkansas Regional Health Center (SARHC), dated July 7, 2005, indicates T.F. had been taking his medication with some improvement in his overall behavior. (Tr. 151). T.F. returned to SARHC on September 8, 2005. Plaintiff indicated T.F. had significant improvement in his overall functioning with less oppositional behavior. (Tr. 146). On November 17, 2005 T.F. returned to SARHC. It was reported by Plaintiff that T.F. had no behavioral problems at school, but had some oppositional behavior at home. (Tr. 232). T.F. returned to SARHC on January 16, 2006. Plaintiff reported she was concerned with T.F.'s oppositional behavior. (Tr. 223). On April 18, 2006 T.F. returned to SARHC. It was reported that since his last visit, T.F. had made significant improvement

in his ability to focus and concentrate due to the decision to continue with his medication as prescribed. (Tr. 226). T.F. was seen at SARHC on September 21, 2006. It was indicated T.F. was doing very well at school with no academic behavior difficulties. (Tr. 231). On January 2, 2007, T.F. was seen at SARHC and Plaintiff reported T.F. was extremely better in his behavior. (Tr. 221).

The ALJ's finding that T.F. had a less than marked limitation in interacting and relating with others is supported by substantial evidence in the record.[2]

### B. Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[2] Plaintiff does not dispute the findings in the remaining three domains. Therefore, they will not be addressed in this opinion.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 16-17). After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) T.F. testified he likes school and his teachers; (2) T.F. testified he has friends in school and does not fight; (3) Plaintiff testified T.F. is doing fine; (4) T.F. has not repeated a grade; (5) T.F. is taking medication which has allowed him to concentrate better; and (6) T.F.'s medication keeps him from being agitated and allows him to complete assignments on time. Further support for the ALJ's decision is found in the fact that Plaintiff did not allege any complaints of pain with T.F.

These findings are valid reasons supporting the ALJ's credibility determination, and this

10

Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of September, 2008.**

        /s/   Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE